THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JONIK D. ROBINSON, | CASE NO. C23-1384-JCC |
| Plaintiff, | ORDER |
| v. | |
| RANDY LACROIX GIBSON, *et al.*, | |
| Defendant. | |

This matter comes before the Court on Plaintiff's motion to appoint counsel (Dkt. No. 19.) Having thoroughly considered the briefing and the relevant record, the Court hereby DENIES the motion for the reasons explained herein.

The appointment of counsel for a *pro se* litigant in a civil case "is a privilege and not a right." *United States ex rel. Gardner v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965). A court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)[1] but should do so "only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). When determining whether exceptional circumstances justify the appointment of counsel, the

---

[1] Although courts often refer to motions under 28 U.S.C. § 1915(e)(1) as motions to appoint counsel, the Court may only "request" that an attorney represent an indigent litigant. 28 U.S.C. § 1915(e); *see also Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 307 (1989) (holding that § 1915(e) authorizes "courts to ask but not compel lawyers to represent indigent litigants.")

ORDER
C23-1384-JCC
PAGE - 1

Court considers "the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).

Plaintiff argues that, in *furtherance of justice*, appointment of counsel is warranted in the instant case. But Plaintiff does not assert why this is so. Nor does Plaintiff's complaint illustrate the "exceptional circumstances" necessary for the Court to exercise its discretion to appoint counsel. (*See* Dkt. No. 1.) And, as this Court has noted, 28 U.S.C. § 1915(e) does not authorize the Court to compel counsel to represent indigent litigants. Instead, this judicial district has adopted a plan for recruiting counsel to represent indigent litigants *pro bono*, but it only pertains to plaintiffs in "civil rights actions." *See* W.D. Wash. General Order 16-20.[2] Plaintiff is not putting forward a civil rights claim. (*See* Dkt. No. 1.)

For the foregoing reasons, Plaintiff's motion to appoint counsel (Dkt. No. 19) is DENIED.

DATED this 22nd day of December 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[2] https://www.wawd.uscourts.gov/sites/wawd/files/GO16-20AmendedProBonoPlan.pdf.