THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JONIK D. ROBINSON, | CASE NO. C23-1384-JCC |
| Plaintiff, | MINUTE ORDER |
| v. | |
| RANDY LACROIX GIBSON, *et al.*, | |
| Defendants. | |

   This matter comes before the Court *sua sponte*.

   Plaintiff's complaint fails to meet the requirements of Federal Rule of Civil Procedure 8(a)(1) which requires "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no jurisdictional support." Federal courts generally possess two types of subject matter jurisdiction—federal question jurisdiction and diversity of citizenship jurisdiction. Federal question jurisdiction exists where a plaintiff's claim arises "under the Constitution, law, or treaties of the United States." 28 U.S.C. § 1331. Diversity of citizenship jurisdiction exists where the amount at issue in the lawsuit is more than $75,000 and no plaintiffs or defendants are citizens of the same state. *See* 28 U.S.C. § 1332.

   Here, Plaintiff does not allege facts that give rise to claims falling under the Constitution, laws or a treaty of the United States, nor does Plaintiff plead facts that demonstrate that they and

Defendants are citizens of different states. And this Court must dismiss a complaint if it appears that it has no jurisdiction to proceed. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.")

Based on the foregoing, the Court hereby INSTRUCTS Plaintiff to SHOW CAUSE for why this Court has subject matter jurisdiction over her lawsuit. Plaintiff must file an amended complaint establishing the Court's jurisdiction no later than February 9, 2024. If Plaintiff fails to do so, the Court will dismiss the instant complaint without prejudice.

DATED this 25th day of January 2024.

Ravi Subramanian
Clerk of Court

s/ Kathleen Albert
Deputy Clerk