THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JONIK D. ROBINSON,<br><br>    Plaintiff,<br><br>    v.<br><br>RANDY LACROIX GIBSON, *et al.*,<br><br>    Defendants. | CASE NO. C23-1384-JCC<br><br>ORDER |

This matter comes before the Court on Defendants' motion to dismiss. (Dkt. No. 12.) Having thoroughly considered the briefing and the relevant record, the Court hereby GRANTS the motion (*id.*) in part for the reasons explained herein.

Plaintiff filed a complaint with this Court alleging Randy Gibson, with the assistance of his attorney Lawand Anderson, operates a "ponzi" scheme fraudulently collecting investments from unsuspecting investors. (*See generally* Dkt. No. 1.) The complaint seeks money damages from this Court, along with criminal penalties against Defendants. (*Id.*) Defendant Anderson petitions the Court to dismiss the case pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6), asserting Plaintiff did not properly serve her and even if he had, the complaint fails to state a claim. (*See generally* Dkt. No. 12.) Either represent independent grounds for dismissal. Fed. R. Civ. P. 12(b). Accordingly, the Court focuses on Defendant's Rule 12(b)(6) motion.

Rule 12(b)(6) provides that a defendant may move for dismissal when a plaintiff "fails to

state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To grant such a motion, the Court may conclude that the moving party is entitled to judgment as a matter of law, even after accepting all factual allegations in the complaint as true and construing them in the light most favorable to the non-moving party. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). That being said, this Court gives liberal construction to the filings of *pro se* litigants. *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013.) However, while factual allegations must be accepted in the light most favorable to a plaintiff, the same is not true for *conclusory allegations*. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) (emphasis added.)

Here, even viewed through the most liberal lens, Plaintiff's complaint fails to state a claim. Instead, it is riddled with conclusory allegations lacking factual support. For instance, Plaintiff alleges that Ms. Lawson "does her part by keeping all the scam investors off her bosses['] ass." (Dkt. No. 1 at 3.) Finally, even if the Court were to recognize Plaintiff's bootstrapping, Plaintiff petitions this Court for remedial measures that is not within the bounds of this litigation.[1] (*See* Dkt. No 1 at 4–5.)

For the foregoing reasons, Ms. Anderson's Rule 12(b)(6) motion (Dkt. No. 12) is GRANTED. Plaintiff's causes of action against Lawand Anderson are DISMISSED with prejudice for failure to state a claim.

DATED this 12th day of February 2024.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[1] For instance, Plaintiff requests that this Court bar Defendant Anderson from practicing law in "all 50 states" and place her in jail. (*See* Dkt. No. 1 at 3–5.)

ORDER
C23-1384-JCC
PAGE - 2